United States District Court
Southern District of Texas
**ENTERED**
August 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,   Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 6:16-56(S)-2 CIVIL NO. 6:21-9 |
| VERONICA JONES MAGALLAN,   Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Veronica Jones Magallan has moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. D.E. 380, 384.[1] Pending before the Court is the United States of America's (the "Government") motion to dismiss the § 2255 motion as untimely, barred by waiver, and substantively meritless. D.E. 397. Movant has not responded.

### I. BACKGROUND

On May 1, 2017, Movant pled guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine (Count S1) and possession of a firearm in furtherance of a drug trafficking crime (Count S5). Her plea was pursuant to a written plea agreement in which she waived her right to appeal or collaterally attack her conviction or sentence, except to raise a claim of ineffective assistance of counsel. Movant was sentenced on December 4, 2019, to 90 months on Count S1 and 60 months on Count S5, to be served consecutively, for a total of 150 months' imprisonment. Judgment was entered on December 16, 2019. Movant did not appeal.

On January 12, 2021, the Court received Movant's "Motion for Reduction in Sentence 18 U.S.C. 3553(a)(2)" seeking to vacate her conviction for possession of a firearm in furtherance of a drug trafficking crime because her guilty plea was unknowing and involuntary. D.E. 380. The

---
[1]. Docket entry references (D.E.) are to the criminal case.

1

Court issued a *Castro* Order ordering Movant to advise the Court within 30 days whether she wanted her motion to be characterized as a motion pursuant to 28 U.S.C. § 2255, and, if she did, to file an amended § 2255 motion with all claims using the standard form. D.E. 382. Movant filed an amended § 2255 motion and memorandum in support on February 28, 2021. D.E. 384, 385.

## II. MOVANT'S ALLEGATIONS

Movant raises a single ground for relief: Her guilty plea to possession of a firearm in furtherance of a drug trafficking crime was unknowing and involuntary because she "was charged with a gun that was licensed to carry by her husband in their residence." D.E. 384, p. 4.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

2

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that: (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b) (2004). Judgment was entered December 16, 2019. Movant's conviction therefore became final on December 30, 2019. She did not file her § 2255 motion until January 12, 2021, two weeks after the statute of limitations expired on December 30, 2020. Movant does not argue that she is entitled to equitable tolling, and she has presented no facts suggesting that she has diligently pursued her

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion.

The Court finds Movant's § 2255 motion is untimely. Thus, the Court need not consider the Government's additional arguments that the motion is substantively meritless and procedurally barred by waiver.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to her claim.

## V. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 397) is **GRANTED**, Movant's motions under 28 U.S.C. § 2255 (D.E. 380, 384) are **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 4th day of August, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE